IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEN C. ELIASON,          ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| v.          ) | No. 1:07-cv-02321 (ESH) |
| ) | |
| UNITED STATES,          ) | |
| ) | |
| Defendant.          ) | |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b) to dismiss plaintiff's complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 28, 2008.

                                                              Respectfully submitted,

                                                              /s/ Yonatan Gelblum
                                                              YONATAN GELBLUM
                                                               Trial Attorney, Tax Division
                                                               U.S. Department of Justice
                                                               Post Office Box 227
                                                               Washington, DC  20044
                                                               Phone/Fax:  (202) 305-3136/514-6866
                                                               Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLEN C. ELIASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02321 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

ISSUE PRESENTED

Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. The Court has previously dismissed an almost identical complaint for failure to state a cause of action and lack of subject matter jurisdiction. See Wesselman v. United States, 501 F. Supp. 2d 98 (D.D.C. 2007) (Huvelle, J.). Should the Court dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted?

STATEMENT

1. Introduction & background. Plaintiff, Allen C. Eliason, filed this complaint on December 21, 2007, and served the United States Attorney General

and the United States Attorney for the District of Columbia. Plaintiffs did not serve the Internal Revenue Service. The complaint is virtually identical to the complaint that this Court dismissed for lack of subject-matter jurisdiction and failure to state a claim in <u>Wesselman v. United States</u>, 501 F. Supp. 2d 98 (D.D.C. 2007). The only apparent differences are that counts 26 and 27 in <u>Wesselman</u> are stated in reverse order in this complaint, that the complaint in this case does not include <u>Wesselman</u>'s counts 35 through 41, and that counts 26 and 30 in the current complaint are slightly longer than their counterparts in <u>Wesselman</u>. Specifically, count 26, which refers to the notice and demand requirements of 26 U.S.C. § 6203, also includes an allegation that the plaintiff did not receive such a notice. Count 30, which alleges a violation of 26 U.S.C. § 6304 relating to harassment, avers that two notices of levy attached as exhibits to the complaint are based on an invalid assessment. In all other respects the complaint appears to be identical to that in <u>Wesselman</u>.

    2. <u>Relief sought and allegations in the complaint</u>. The complaint seeks damages under 26 U.S.C. § 7433. (Compl., Remedy Sought, at 3.) Plaintiff has organized his complaint into 34 purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no relevant factual allegations, and with the exception of the two counts identified above, merely

restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.1/

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ALLEGATIONS THAT DO NOT ARISE FROM THE COLLECTION OF TAXES

"A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." <u>Wesselman</u>, 501 F. Supp. at 100.  The Court previously held in <u>Wesselman</u>, in relation to an almost identical complaint, that it lacked jurisdiction to award relief for any counts that did not arise out of collection activity, dismissing many of the jurisdictional statements in the complaint.  Thus, it held that the Administrative Procedure Act, 5 U.S.C. § 701, et

---

1/ In <u>Wesselman</u>, the Court catagorized the similar allegations by noting that one set (counts 1-8 and 10) allege failure to notify the plaintiff of obligations to keep records and file tax returns, failure to prepare or execute substitute tax returns, and improper use of his social security number; a second set (counts 9 and 16-17) allege failure to disclose certain records relating to the plaintiff; a third set (counts 11-15 and 33) allege improper assessments or assessment procedures; a fourth set (counts 18-19) allege failure to satisfy statutory duties to promulgate and implement various procedures and regulations; a fifth set (counts 20-25 and 27 in this complaint) allege that the United States exceeded its authority to collect taxes under 26 U.S.C. § 6301; a sixth set (counts 26 and 28-29 in this complaint) allege that the United States failed to send notices required under 26 U.S.C. § 6303; a seventh category (count 30) alleges harassment in connection with the collection of taxes; an eighth category (count 31) alleges that the United States denied the plaintiff a hearing under 26 U.S.C. §§ 6320 & 6330; and a ninth set of allegations (counts 32 and 34-35 in this complaint) allege that the United States improperly asserted tax liens or claims against the plaintiff. 501 F. Supp. 2d at 100.  Here, count 30 also contains additional allegations that notices of levy were issued for taxes that were not properly assessed. (Compl. at 14.)

seq., does not establish jurisdiction because the complaint seeks money damages, id. at 100-01, and that the Anti-Injunction Act deprives the Court of jurisdiction to the extent the plaintiff seeks injunctive relief. Id. at 101 n. 3. The Court further held that neither the Federal Records Act nor the National Archives Act provides a waiver of sovereign immunity necessary for the Court to have subject matter jurisdiction. Id. at 100 n. 2.2/

Thus, the Court held that any counts in the complaint that do not fall within the scope of 26 U.S.C. § 7433 must be dismissed for lack of jurisdiction because sovereign immunity has not been waived in regard to those counts, and since section 7433 only applies to the collection of taxes, the Court lacks jurisdiction to adjudicate any of the counts that do not "aris[e] from the collection of income taxes." Id. at 101 (quoting Buaiz v. United States, 471 F.Supp.2d 129, 137 (D.D.C. 2007)). Given the almost identical complaint in this case, the same result should follow. Accordingly, the Court lacks subject matter jurisdiction over counts 1-19 and 33, which are identical to the same-numbered counts in Wesselman over

---

2/ The Court also lacks jurisdiction to grant relief based on the plaintiff's allegations that the United States violated 26 U.S.C. § 7214 . Id. at 99 n. 1 ("Congress has not waived sovereign immunity with respect to claims for damages under § 7214.") (citing Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990); Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006)). In any event, the plaintiff has failed to state a claim under section 7214 because it is a criminal provision that does not confer or provide for a private cause of action and because, to the extent his allegations relate to improper collections activity, 26 U.S.C. 7433 states that it is the exclusive remedy. Id.

which the Court held it lacked subject matter jurisdiction. Id. at 102.

In addition, the United States respectfully submits that counts 26, 28, 29 and 30 of the complaint, relating to notice and demand, do not arise in relation to collection, but rather in relation to assessment. Thus, they do not fall within the scope of 26 U.S.C. § 7433. See Arnett v. United States, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section 7433 claim); Zolman v. IRS, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim). Counts 26 and 28-29 relate to the notice and demand associated with an assessment, and thus do not arise from collection activities. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993) ("[C]laims that the IRS failed to properly notice deficiencies address the merits of an assessment."). Furthermore, the specific factual allegations in count 30, although relating to a notice of levy, assert that the levy was illegal because "Defendant has failed / refused to provide evidence of any procedurally proper assessments against Plaintiff" and violate 26 U.S.C. § 6304 because they contain "false and

unsupported claims" against the plaintiff. (Compl. at 14.) Thus, count 30 is essentially a challenge to the assessments rather than to collection thereof, and does not fall under the scope of section 7433.

### THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM UNDER 26 U.S.C § 7433.3/

The plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements. (Compl., Remedy Sought, at 16.) Plaintiff's complaint for damages under 26 U.S.C. § 7433 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, here,

---

3/    The United States recognizes that the Court dismissed similar complaints for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. See, e.g., Turner v. United States, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates, J.). The United States respectfully asserts that when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"). One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Therefore, the United States respectfully requests that the Court consider the statement in Lehman and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

there are no facts in the plaintiff's complaint to support a claim for damages; and thus, this court should conclude that the plaintiff has not, in fact or law, stated such a claim.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007), cited by Wesselman, 501 F. Supp. 2d at 102.

As noted by this Court when evaluating the same claims, they are "entirely devoid of factual allegations."  Wesselman, 501 F. Supp. 2d at 102.  They merely parrot the statutory language of the Internal Revenue Code sections to which they cite, without giving details as to assessments, liens, dates, or the specific conduct of Internal Revenue Service employees that brought about the alleged violations of the statutes cited.  Id. Although the plaintiff here has added one additional allegation to count 26, noting that he did not receive notice and demand pursuant to 26 U.S.C. § 6303(a) (Compl. at 12), the Court has previously noted that without a description of the timing of the assessment to which the plaintiff refers, the count fails to state a claim on which relief can be granted.  See Wesselman, 501 F. Supp. 2d at 102 n. 6.  Lastly, although the plaintiff here has elaborated on count 30 of the complaint by adding allegations that an attached notice of levy contained false information because it referred to taxes that had not been properly assessed against him (Compl. at 14), as noted above, these facts fail to state a cause of action under 26 U.S.C. § 7433 because at best they challenge the merits of the

underlying assessment.4/

Based on the discussion above, the plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1964-65.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

---

<u>4</u>/ They also fail to allege any facts demonstrating that the assessment was invalid.

CONCLUSION

Plaintiff's claims that do not allege collection activities must be dismissed for lack of jurisdiction. The remaining allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that the plaintiff is entitled to relief under section 7433. Since all claims must be dismissed under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6), this Court should dismiss the plaintiff's complaint in its entirety.

DATE: March 28, 2008.

        Respectfully submitted,

        /s/ Yonatan Gelblum
        YONATAN GELBLUM
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, DC  20044
        Phone/Fax:  (202) 305-3136/514-6866
        Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLEN C. ELIASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02321 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 28th day of March, 2008, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

ALLEN C. ELIASON
1454 Arona Street
St. Paul, Minnesota 55108


/s/ Yonatan Gelblum
YONATAN GELBLUM

3158769.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLEN C. ELIASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02321 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered any opposition and reply thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

3158763.1

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

ALLEN C. ELIASON
*Plaintiff pro se*
1454 Arona Street

St. Paul, MN 55108