UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ALLEN C. ELIASON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-2321 (ESH) |
| UNITED STATES, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. For the reasons stated herein, this motion will be granted.

## BACKGROUND

Plaintiff, Allen C. Eliason, filed this complaint on December 21, 2007, alleging 34 boilerplate "counts" of wrongdoing by the Internal Revenue Service and requesting damages in accordance with 26 U.S.C. § 7433.[1] As defendant correctly points out, this complaint is nearly identical to one dismissed by this Court for lack of subject matter jurisdiction and for failure to

---

[1] Plaintiff also asserts that each of his allegations raises "a separate and distinct violation of [26 U.S.C. §] 7214." (Compl. 16.) As this Court has previously explained, this claim fails "because Congress has not waived sovereign immunity with respect to claims for damages under § 7214" and "[a]bsent a waiver of sovereign immunity, a claim must be dismissed for lack of subject matter jurisdiction." *Wesselman v. United States*, 501 F.Supp.2d 98, 100 (D.D.C. 2007). (citations omitted).

1

state a claim in *Wesselman v. United States*, 501 F.Supp.2d 98 (D.D.C. 2007).[2]  *See also Bean v. United States*, 538 F.Supp.2d 220 (D.D.C. 2008) (and cases cited therein) (dismissing another of the "dozens of virtually identical lawsuits brought in this jurisdiction by tax protesters -- allegedly proceeding *pro se* -- asserting a variety of forms of misconduct by the IRS.")

Plaintiff's 34 claims can be grouped into nine general categories: (1) counts alleging failure to notify plaintiff of his obligation to keep records and file tax returns, failure to prepare or execute substitute tax returns on his behalf when he failed to file tax returns, and improper use of his social security number (Counts 1-8, 10); (2) counts alleging failure to disclose plaintiff's tax returns or substitute tax returns, records of assessments made against him, or copies of such records (Counts 9 and 16-17); (3) counts alleging the assessment of taxes against plaintiff in amounts that were not properly assessable against him or were not properly recorded or verified (Counts 11-15); (4) counts alleging failure to satisfy statutory duties to promulgate and implement various procedures and regulations (Counts 18-19); (5) counts alleging that the defendant exceeded its authority under 26 U.S.C § 6301 to collect taxes (Counts 20-25, 27); (6) counts alleging that defendant failed to send notices required under 26 U.S.C. § 6303 (Counts 26, 28-29); (7) a count alleging harassment in connection with the collection of taxes (Count 30); (8) a count alleging that defendant denied plaintiff a hearing to which he was entitled under 26 U.S.C. §§ 6320 and 6330 (Count 31); and (9) counts alleging that defendant improperly asserted tax liens or claims against plaintiff (Counts 32-34).

---

[2] The complaint in *Wesselman* is essentially the same as Eliason's complaint except that the ordering of Counts 26 and 27 are reversed; Counts 26 and 30 are slightly modified; and Counts 32, 33, 35, 36, and 39-41 have been eliminated. Counts 34, 37, and 38 of the *Wesselman* complaint have been renumbered as Counts 32, 33, and 34 of this complaint.

## ANALYSIS

**I.      Lack of Jurisdiction**

Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *E.g.*, *Martens v. United States*, No. 05-1850, 2007 WL 2007580, at *1 (D.D.C. Jul. 6, 2007). As this Court explained in *Wesselman*, plaintiff's claims must be dismissed for lack of jurisdiction unless they fall within the waiver of sovereign immunity provided in 26 U.S.C. § 7433,[3] which is limited to claims that "aris[e] from the *collection* of income taxes." *Wesselman*, 501 F.Supp.2d at 101-102 (quoting *Buaiz v. United States*, 471 F.Supp.2d 129, 136 (D.D.C. 2007) (emphasis added)). Section 7433 does not give the Court jurisdiction over "[c]laims that the IRS has incorrectly determined the amount of taxes owed" or any other claims that do not directly arise from the IRS's collection activities. *Buaiz*, 471 F.Supp.2d at 136. Because the claims in the first four groups do not arise from tax collection activities, they must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. *See Wesselman*, 501 F.Supp.2d at 101-02.

**II.     Failure to State a Claim**

Plaintiff's remaining counts (20-34) must be dismissed under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S.Ct. 1955, 1964-65 (2007) (alteration in original) (citations omitted).

---

[3] Here, as in *Wesselman*, plaintiff seeks to establish jurisdiction based on the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, the Federal Records Act, and the National Archives Act. None of these statutes provide a waiver of the United States' sovereign immunity. *Id.* at 101 & n.2.

Plaintiff's claims here are, for the most part, devoid of factual allegations. Counts 20-25 and 27 simply allege that defendant "failed to implement the provisions of the Internal Revenue Code section 6301." (Compl. 10-12.) Counts 28 and 29 make the same allegations with respect to § 6303 (*id.* 13), Count 32 makes the same allegations with respect to § 6321 (*id.* 15), and Counts 33 and 34, with respect to § 6323. (*Id.*)

Counts 26, 30, and 31 are the only counts in which plaintiff departs from the boilerplate language. Count 26 alleges that alleges that the IRS failed to "within 60 days after the [alleged] making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax . . . ." (Compl. 12.) However, it "provides no information from which the Court can discern the nature or timing of the assessment to which plaintiff refers." *Wesselman*, 501 F.Supp.2d at 102 n.6.

Count 30 alleges that defendant "engaged in 'conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of unpaid tax," by issuing a notice of levy "claim[ing] [that] amounts in excess of 100,000.00 had been assessed against Plaintiff." (Compl. 14.) Plaintiff alleges that this notice of levy is abusive and improper because defendant has failed "to provide evidence of any procedurally proper assessments against" him and because the levy "do[es] not state the "KIND OF TAX" defendant . . . [is] attempting to collect." (*Id.*) Despite being couched in terms of abusive collection, it is clear that this count actually challenges the merits of the underlying assessment, which is impermissible under § 7433. *See Buaiz*, 471 F.Supp.2d at 136.

Finally, Count 31 alleges that defendant "failed to hold a hearing with Plaintiff . . . in conjunction with" §§ 6320 and 6330." (Compl. 14.) However, plaintiff does not allege that he

4

properly requested a hearing as required by statute. *See Wesselman*, 501 F.Supp.2d at 102-103. Therefore Counts 20- 34 will be dismissed for failure to state a claim upon which relief can be granted. *See Twombly*, 127 S.Ct. at 1965.

## **CONCLUSION**

For the foregoing reasons, the Court will grant defendant's motion to dismiss.[4]  A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 30, 2008

---

[4] In the alternative, the Court dismisses plaintiff's complaint based on his failure to exhaust his administrative remedies as required by 26 U.S.C. § 7422(d)(1). *See e.g.*, *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006).

In addition, plaintiff has failed to respond to defendant's motion to dismiss. Because plaintiff is a *pro se* litigant, the Court issued an Order on March 31, 2008, to advise plaintiff of his obligation to file an opposition to defendant's motion to dismiss and the consequences of failing to do so. The deadline set by the Court for a response has now expired, and the Court may therefore treat defendant's motion as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997).